UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
                                                         :
In The Matter Of                                         :
                                                         :
                                                         :     **DECISION AND ORDER**
JOEL M. GLUCK, an attorney admitted to                   :
practice before this court,                              :
                                                         :
                        Respondent.                      :     13 MC 651
                                                         :
-------------------------------------------------------- X

Respondent Joel M. Gluck (the "Respondent") disregarded multiple court orders in more than ten federal actions, failed to appropriately communicate with clients and the court and delayed numerous litigations to the detriment of clients and adversaries. Accordingly, the Committee on Grievances for the United States District Court for the Eastern District of New York (the "Committee")[1] finds, by clear and convincing evidence, that Respondent violated the New York State Rules of Professional Conduct (the "Rules of Professional Conduct") and should be disciplined pursuant to Rule 1.5 (Discipline of Attorneys) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Local Rule 1.5").

Respondent asserts that mitigating circumstances – principally, his personal and financial struggles, a heavy caseload and difficult clients – weigh in favor of discipline in the form of a reprimand. The Committee, recognizing the extent of Respondent's financial hardships and his willingness to represent individuals for little or no compensation, finds that Respondent shall be subject to a public reprimand.

---

[1] The Committee is composed of Judge Arthur Spatt, Judge Nina Gershon, Judge Joseph Bianco, Judge Brian Cogan, and Judge Roslynn Mauskopf.

# BACKGROUND

On August 21, 2013, the Committee issued an Order to Show Cause (the "August 2013 Order" ) as to why Respondent should not be disciplined pursuant to Rule 1.5 based on his noncompliance with numerous orders issued by Magistrate Judge Roanne Mann ("Judge Mann") in *Akman v. Pep Boys Manny Moe & Jack of Delaware, Inc.*, 1:11-CV-03252-MKB-RLM. (Docket Entry No. 1).

Respondent submitted a response to the August 2013 Order on October 16, 2013 ("Respondent's Response"), stating that difficult financial circumstances and a limited office staff impacted his representation in *Akman* and asking the Committee to refrain from imposing discipline on him beyond a public reprimand. (Docket Entry No. 3). Respondent later submitted a Supplemental Response, dated November 20, 2013 ("Respondent's First Supplemental Response"), informing the Committee that he had paid the sanctions and fees imposed upon him in the *Akman* action by Judge Mann.

On May 5, 2014, the Committee issued an Order to Show Cause with a Supplemental Statement of Charges (the "May 2014 Order") tracing Respondent's extensive history of misconduct in connection with ten federal actions dating back to January 2005, and instructing Respondent to show cause as to why the Committee should not impose discipline. (Docket Entry No. 5). Respondent responded on August 5, 2014, reiterating that difficult personal and financial circumstances impacted his practice and stating that his violations of the Rules of Professional Conduct were unintentional. (Docket Entry No. 9). Respondent again took the position that his conduct warranted discipline in the form of a reprimand.

The facts relating to Respondent's misconduct have been set forth in the August 2013 and May 2014 Orders and are incorporated by reference herein.

## DISCUSSION

## I.  RESPONDENT'S MISCONDUCT

Local Rule 1.5 (b) provides that, upon notice and an opportunity to be heard, discipline

may be imposed by the Committee if it is found by clear and convincing evidence that:

> (5) In connection with activities in this Court, any attorney is found to have engaged in conduct violative of the New York State Rules of Professional Conduct as adopted from time to time by the Appellate Divisions of the State of New York.  In interpreting the Code, in the absence of binding authority from the United States Supreme Court or the United States Court of Appeals for the Second Circuit, this Court, in the interests of comity and predictability, will give due regard to decisions of the New York Court of Appeals and other New York State courts, absent significant federal interests.

The record demonstrates that Respondent continuously breached his obligations under the

following Rules of Professional Conduct:  Rule 1.3 (diligence); Rule 1.4 (communication); Rule

3.2 (delay of litigation); Rule 3.3 (conduct before a tribunal); Rule 3.4 (fairness to opposing party

and counsel); Rule 8.4 (misconduct); and Rule 1.1 (competence).

### A.  Respondent Repeatedly Ignored Court Orders

Respondent's continuous disregard of approximately 25 court orders issued in 11 federal

actions pending in the Eastern District of New York clearly violates several Rules of

Professional Conduct and warrants discipline.

Rule 1.3 provides that a lawyer "shall act with reasonable diligence and promptness in

representing a client" and "shall not neglect a legal matter entrusted to the lawyer."  The record

clearly demonstrates, and Respondent admits, that Respondent practiced with far from the

requisite diligence and neglected several actions, often to the detriment of his clients.  *See, e.g.*,

*Levitant v. The City of New York Human Resources Administration, et al.*, 1:08-CV-03979-

KAM-MDG (granting summary judgment in favor of defendant following Respondent's failure to file opposition papers on behalf of the plaintiff); *Caiozzo v. Commissioner of Social Security*, 2:11-CV-02461-JS (granting defendant's motion for judgment on the pleadings after Respondent failed to file opposition or cross motion papers); *Williams v. Lutheran Medical Center*, 1:12-CV-01881-SJ-VVP (dismissing plaintiff's complaint with prejudice after Respondent failed to appear at an initial court conference, serve initial disclosures or to file an objection to Judge Pohorelsky's Report and Recommendation recommending dismissal); *DeMarco v. Hartford Life and Accident Insurance Co.*, 1:12-CV-04313-BMC (dismissing plaintiff's complaint without prejudice after Respondent failed to pay sanctions imposed against him for failure to appear at an initial conference); *Levitant v. City of New York Human Resources Administration*, 1:05-CV-00230-KAM-JO (conditionally granting defendant's motion for a new trial based upon several improper statements Respondent made during summation on behalf of plaintiff in direct contravention of court's prior rulings).

Indeed, the court imposed sanctions or threatened to sanction Respondent on several occasions for ignoring court orders. *See Glover v. Costco Wholesale Corporation, et al.*, 1:03-CV-05420 (threatening sanctions); *Lukasiewicz v. Polish & Slavic Federal Credit Union*, 1:11-CV-03422-CBA-VVP (ordering Respondent to pay defendant's expenses in making a motion to compel discovery); *Williams v. Lutheran Medical Center*, 1:12-CV-01881-SJ-VVP (granting defendants' motion for sanctions); *DeMarco v. Hartford Life and Accident Insurance Co.*, 1:12-CV-04313-BMC (sanctioning Respondent for failing to appear at the initial status conference and to comply with subsequent court orders); *Akman v. Pep Boys Manny Moe & Jack of Delaware, Inc.*, 1:11-CV-03252-MKB-RLM (ordering Respondent to reimburse defendant for legal fees and expenses).

In failing to diligently comply with court-ordered deadlines and to appear at scheduled court conferences, Respondent displayed incompetence (Rule 1.1(c)(2)), needlessly delayed litigation (Rule 3.2), acted unfairly towards opposing parties and counsel (Rule 3.4) and engaged in improper conduct before a tribunal (Rule 3.3(f)) that adversely reflects on his fitness to practice law (Rule 8.4(h)). *See, e.g., Matter of Abrahams*, 5 A.D.3d 21 (2d Dep't 2003) (attorney's conduct in failing to respond to discovery demands despite judge's order to do so constituted disregard for the ruling of a tribunal and amounted to conduct adversely reflecting on attorney's fitness to practice law). Such behavior not only violates Respondent's ethical obligations to his clients, but also indicates a disrespect for the court and the judicial process.

B.     **Respondent Failed to Communicate With Clients**

Respondent's lack of communication with clients regarding significant case developments also violates the Rules of Professional Conduct.

Rule 1.4 provides that a lawyer shall "keep the client reasonably informed about the status of the matter" and promptly inform the client of "material developments in the matter", among other things. There is ample evidence that Respondent failed to fulfill his obligation to communicate with his clients. *See, e.g., Cohen v. Gerrald, et al.*, 1:05-CV-02696-FB-LB (vacating sanctions order against Respondent and his client, the plaintiff, but admonishing Respondent for failing to expeditiously counsel his client to dismiss the case as instructed by the court); *Lukasiewicz v. Polish & Slavic Federal Credit Union*, 1:11-CV-03422-CBA-VVP (Respondent conceded that he failed to apprise his client of Judge Pohorelsky's Report and Recommendation that the Court dismiss client's complaint, as well as a subsequent order that his client appear at a hearing if he wished to oppose defendant's motion to dismiss); *DeMarco v. Hartford Life and Accident Insurance Co.*, 1:12-CV-04313 (plaintiff, appearing *pro se*, moved to

reopen her case on the grounds that Respondent had abandoned her lawsuit and further claimed

that she repeatedly, and unsuccessfully, attempted to reach Respondent by phone and to visit him

at his office, and that Respondent never told her that her case had been dismissed). Respondent

admits in his Response to the Committee's Supplemental Charges that "[a] number of clients

advised that they had difficulty in being able to contact me in late 2012 and 2013." (Docket

Entry No. 9 at 23). Respondent's failure to promptly contact his clients regarding critical

developments in their cases is unacceptable, and warrants the imposition of disciplinary

sanctions.

## II.     DISCIPLINARY DISPOSITION

Local Rule 1.5(c) provides that discipline imposed pursuant to paragraph (b)(5) may

consist of a letter of reprimand or admonition, censure, suspension, or an order striking the name

of the attorney from the roll of attorneys admitted to the bar of this Court. Although Respondent

has engaged in a pattern and practice of disregarding court orders and failing to properly

communicate with his clients, he claims that several mitigating circumstances counsel in favor of

not imposing discipline beyond that a reprimand.

Respondent primarily argues that severe financial and personal difficulties throughout

2012 and 2013, which ultimately forced him to close his law office in May 2013, negatively

impacted his practice. He claims that he struggled to make payroll, to maintain basic office

expenses and to cover litigation costs, and states that he had to manage his heavy caseload with

minimal office support, which was further strained by the illnesses of his wife and office

manager. Respondent states that he did not intentionally disregard court orders or delay

litigation, and that he has since worked diligently to remedy his financial circumstances. In

addition, Respondent states that many of the actions referenced in the August 2013 and May

2014 Orders involved difficult clients who were ultimately satisfied with the results achieved and who would have encountered difficulties obtaining counsel absent his representation. Respondent also emphasizes that he frequently handles social security and workers' compensation matters with no expectation of compensation.

While the Committee takes into account these mitigating factors, it rejects Respondent's claim that he acted appropriately in failing to prosecute many of the actions referenced herein because he "had significant reservations about the viability" of those matters, believed the parties would settle or simply did not have time to gather all of the necessary information before filing suit. An attorney is not permitted to file a claim he knows, or should know, is non-meritorious (Rule 3.1), and cannot use means "that have no substantial purpose other than to delay or prolong" a proceeding or "cause needless expense" (Rule 3.2).

The sheer number of times that Respondent ignored an order of this Court, or failed to seek an extension of time to submit briefing, or an adjournment of an appearance warrants the imposition of discipline beyond a public reprimand, particularly since many of Respondent's cases were dismissed by virtue of his neglect. Nevertheless, in light of Respondent's financial struggles and effort to represent individuals who might not otherwise obtain counsel, the Committee orders that Respondent should be publicly reprimanded for the misconduct detailed herein, and in the August 2013 and May 2014 Orders.

Respondent must disclose this decision to all courts and bars of which he is currently a member, and as additionally required by any other rule or order. Further, the Clerk of the Court is directed to release this decision to the public by posting it on the Court's website, and providing copies to members of the public in the same manner as all published decisions of this Court, and to serve a copy on the Respondent.

Dated: Brooklyn, New York
     July 15, 2015

_____
Honorable Brian M. Cogan
Chair of the Committee on Grievances